### (March 12, 1973)

In the Matter of AARON KRAMER, an Attorney and Counselor at Law, Respondent. BROOKLYN BAR ASSOCIATION, Petitioner; ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner. — On February 14, 1973, at the hearing

which this court had directed to be held in these disciplinary proceedings before a designated Justice of the Supreme Court, respondent's attorney tendered respondent's written unconditional resignation from the Bar dated that day. Respondent was admitted to practice law by this court on March 27, 1957. The charges against him are, *inter alia,* as follows: (1) He was retained in April, 1967 to prosecute a claim to recover damages for personal injuries, but neglected to prosecute the claim and, by reason thereof, the claim is time-barred; (2) He failed to complete certain legal services for which he had been retained and paid $450 and issued a check for $316 payment of which was refused by the drawee bank three times for insufficient funds; (3) He issued three checks in repayment of loans made to him, payment of which was refused by the drawee bank for insufficient funds; (4) He failed to order a title search in connection with the purchase of certain real property by his client and failed to obtain a marketable title for his client when he permitted her to accept a deed executed by one of the two sellers under a purported power of attorney which had never been given by the second seller; (5) He misrepresented to a client in a divorce action that the divorce decree provided for the client's husband to reimburse her for one half of the counsel fee which she had paid to respondent and one half of a certain "loan expense"; (6) He misrepresented to a client in a criminal case that a motion for certain relief had been granted in the client's favor although there was no record of the motion ever having been made; (7) He neglected to perform promised services in a criminal case in which he had been retained and paid $1,200 on account of his fee, as a result of which the complainant, incarcerated without trial or bail, was forced to retain the services of another attorney; (8) He failed to appear in court several times in connection with a hearing in a divorce case, as a result of which the complainant was forced to secure the services of another attorney; (9) He neglected the prosecution of a claim for personal injuries and, thereafter, refused to turn over his file to the new attorney despite his promise to do so; (10) He failed to co-operate with the Committee on Grievances of petitioner Brooklyn Bar Association in its investigation of certain of the charges herein; (11) He failed to file statements of retainer and closing statements as to negligence matters, including several of the actions referred to herein; (12) He solicited a complainant to retain him to represent her son in a criminal case for which he was paid a fee and, thereafter, failed to appear in court for scheduled hearings; and (13) He forged the name of a notary public to a certain affidavit, without the latter's knowledge or consent, and submitted that affidavit and two other forged affidavits to the court in a civil action, although he knew or had reason to believe that the latter two affidavits were forged. Under the circumstances herein, respondent's resignation as a member of the Bar is accepted and directed to be filed; and it is ordered that respondent's name be struck from the roll of attorneys and counselors at law, effective May 1, 1973. Rabin, P. J., Hopkins, Munder, Martuscello and Latham, JJ., concur.